IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFREDERIC CARR, #R52533, <br><br> **Plaintiff**, <br><br> v. <br><br> W.A. WALKER, ZACHARY MOORE, AUSTIN LASTER, JANE DOE 1, *sergeant*, JOHN DOE 1, *sergeant*, CHRISTOPHER HOUSEMAN, C/O DUPREE, and JOHN DOE 2, *correctional officer*, <br><br> **Defendants.** | Case No. 20-cv-0763-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Alfrederic Carr, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), has filed a Motion for a Temporary Restraining Order and Preliminary Injunction asking for a transfer to Vienna Correctional Center. (Doc. 11). Carr asserts that on August 10, 2020, after filing this lawsuit, he was taken to a locked room and surrounded by six male and three females Shawnee staff members and "pressed about his grievances" and "compelled to believe that nothing could be done and that [he] wanted to sign a paper to say that the facility/Adjustment Committee was not liable for [his] assault and failing to protect [him]." (Doc. 11-1, p. 1). Due to the intimidation, fear, coercion, and the fact that he is

illiterate, Carr signed the document. (*Id.*). He states that it was ultimately Kim Johnson who forced him to sign a blank statement against his will and knowledge in retaliation for filing this lawsuit and grievances. (*Id.* at p. 1-2). Kim Johnson also would not return one of his grievances that had passed the first stage, preventing Carr from proceeding to the third stage of the grievance process. (*Id.* at p. 2). He asks for emergency relief because he is being subjected to ongoing harassment by staff at Shawnee. (*Id.* at pp. 2, 6).

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Carr must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In the Complaint, Carr alleges that after being assault by another inmate, Correa, in January 2020, Defendants failed to protect him, and he was assaulted again by the same inmate on April 28, 2020. (Doc. 1). He also claims that Defendant Dupree threatened him with segregation if he continued to file grievances regarding his fears of assault by inmate

Correa, and he did not receive responses to the majority of his grievances filed regarding Correa's threats to his safety. The request for injunctive relief relating to current retaliatory acts by staff at Shawnee and Kim Johnson pertains to individuals who are not parties in this action and to events that are outside of the allegations in the Complaint. A motion for preliminary injunction is not a proper avenue to pursue additional claims and add defendants. If Carr wishes to pursue emergency injunctive relief for these unrelated claims, he should file a motion to amend the complaint or file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims.

Accordingly, the Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 11) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:   August 28, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**